IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CR-00100-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SONIA LATRESE CURBELO, ) | |
| ) | |
| Defendant. ) | |

On April 7, 2021, Sonia Latrese Curbelo ("Curbelo" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 202]. On May 6, 2021, Curbelo, through counsel, filed a memorandum in support of her motion for compassionate release [D.E. 205]. On May 20, 2021, the United States responded in opposition [D.E. 210]. As explained below, the court denies Curbelo's motion.

I.

On November 5, 2019, pursuant to a written plea agreement, Curbelo pleaded guilty to conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin. See [D.E. 1, 74, 78]. On March 5, 2020, the court held Curbelo's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See PSR [D.E. 99]; [D.E. 114]. The court calculated Curbelo's offense level to be 21, her criminal history category to be VI, and her advisory guideline range to be 77 to 96 months' imprisonment. See PSR ¶ 86; [D.E. 120]. After granting the government's motion for a downward departure and considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Curbelo to 60

months' imprisonment. See [D.E. 119] 2. Curbelo did not appeal.

On April 7, 2021, Curbelo moved for compassionate release [D.E. 202]. The government opposes the motion [D.E. 210].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine "that the defendant is not a danger to the safety of any other person or the community." Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements issued by the" United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with "a serious deterioration in physical and mental health" due to aging and having served at least 10 years

2

or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states that

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner

3

"an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, "the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021), cert. denied, No. 21-5624, 2021 WL 4733616 (U.S. Oct. 12, 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "U.S.S.G. § 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31 (cleaned up). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 283–84. In doing so, the court

---

when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1 (emphasis omitted).

4

consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–09 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Curbelo seeks compassionate release. See [D.E. 202]. Curbelo unsuccessfully sought administrative relief before filing her motion for compassionate release. See [D.E. 205] 2–3; [D.E. 205-3]. Accordingly, Curbelo has exhausted her administrative remedies, and the court considers her motion on the merits.

Curbelo seeks compassionate release pursuant to section 3582(c)(1)(A). In support, Curbelo cites the COVID-19 pandemic, her health conditions (obesity and mental illness), her family situation, and her release plan. See [D.E. 202, 205]. The "medical condition of the defendant" policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Curbelo argues that her obesity places her at heightened risk of serious infection from COVID-19. See [D.E. 205] 4–5. However, Curbelo refused the COVID-19 vaccine. See [D.E. 205] 5; [D.E. 205-1] 61; cf. United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release. The risk is self-incurred."); see also United States v. Baeza-Vargas, No. No. CR-10-00448-010-PHX-JAT, 2021 WL 1250349, at *2–4 (D. Ariz. Apr. 5, 2021) (collecting cases showing the

5

"growing consensus" of district courts that "have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances"). Curbelo has provided no medical or other reason why she cannot receive the COVID-19 vaccine. And Curbelo does not argue that her health conditions diminish her ability to care for herself while incarcerated. See U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Accordingly, reducing Curbelo's sentence is inconsistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

Curbelo also argues that, taken together with her health conditions, her family situation warrants compassionate release. See [D.E. 205] 4–5. Curbelo's mother is caring for her three minor children. See id. However, Curbelo's mother faces her own health conditions that "significantly interfere with her ability to care properly for Ms. Curbelo's children." Id. at 5; see [D.E. 202] 5. Under the "family circumstances" policy statement, "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" may warrant compassionate release. U.S.S.G. § 1B1.13 cmt. n.1(C)(i). For the purposes of this policy statement, "'incapacitation' means the family member caregiver suffered a severe injury (e.g., auto accident) or suffers from a severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child." BOP Program Statement § 5050.50, at 7 (Jan. 17, 2019), available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf; see also United States v. Bolden, No. CR16-320-RSM, 2020 WL 4286820, at *4 (W.D. Wash. July 27, 2020) (unpublished) (relying on the BOP Program Statement), appeal dismissed, No. 20-30168, 2020 WL 6580183 (9th Cir. Aug. 26, 2020); United States v. Collins, No. 15-10188-EFM, 2020 WL 136859, at *4 n.13 (D. Kan. Jan. 13, 2020) (unpublished) (same); cf. United States v. Burrell, No. 15-cr-95 (AJN), 2020 WL 7646887, at *2 (S.D.N.Y. Dec. 23, 2020) (acknowledging that a court may find extraordinary and compelling circumstances other than those in the application notes of U.S.S.G. § 1B1.13 or BOP guidance). The court recognizes that Curbelo's mother suffers health

6

conditions, including arthritis and a slipped disc, that make it more difficult for her to care for Curbelo's children. However, Curbelo does not provide any evidence that her mother's health conditions are so severe as to "render[] [Curbelo's mother] incapable of caring for" Curbelo's children. BOP Program Statement § 5050.50, at 7; see [D.E. 202] 5; [D.E. 205] 5. Accordingly, Curbelo has failed to prove that she meets the family circumstances policy statement in application note 1(C)(i).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Curbelo's health conditions, and Curbelo's family circumstances are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). At the same time, the wide availability of COVID-19 vaccines greatly diminishes the risk to Curbelo from COVID-19. Cf. Broadfield, 5 F.4th at 803; Baeza-Vargas, 2021 WL 1250349, at *2–4. Regardless, the section 3553(a) factors counsel against reducing Curbelo's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Curbelo is 37 years old and is incarcerated for conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin. See PSR ¶¶ 1, 11. For her role in the conspiracy, Curbelo was responsible for 300 grams of heroin, 36.75 grams of cocaine, and 13.08 grams of crack cocaine. See id. ¶ 21. Curbelo's latest serious criminal conduct was nothing new. When she engaged in the heroin conspiracy, Curbelo already had convictions for misdemeanor conspiracy and larceny of government property, felony maintaining a vehicle, dwelling, or place for controlled

substances, felony possession of marijuana, felony probation violations (three counts), felony possession with the intent to sell and deliver MDMA, felony possession with intent to sell and deliver a schedule I controlled substance (four counts), misdemeanor larceny (two counts), misdemeanor possession of drug paraphernalia, felony possession of cocaine, felony possession with the intent to manufacture, sell, and deliver cocaine, felony selling cocaine, misdemeanor possession of a schedule IV controlled substance, and misdemeanor defrauding drug and alcohol screening tests. See id. ¶¶ 26–43. Curbelo has often performed poorly on supervision, including absconding from supervision and committing crimes while on supervision. See id. ¶¶ 26–29, 31–32, 34–40. While incarcerated on her federal sentence, Curbello has incurred one infraction. See [D.E. 205] 9; [D.E. 205-2] 1. Curbelo also has earned her GED and has taken other educational classes, including classes to help her better manager her anger, stress, and personal finances. See [D.E. 205] 8–9; [D.E. 205-2, 205-5, 205-6]. She also has worked on the evening watch yard detail and received good performance evaluations. See [D.E. 205] 9; [D.E. 205-2] 2.

The court must balance Curbelo's mostly positive performance while incarcerated with the seriousness of her criminal conduct and terrible criminal history. The court has also considered Curbelo's potential exposure to COVID-19, medical conditions, family history and childhood trauma, current family circumstances, and release plan. See [D.E. 205] 8; cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). The court recognizes Curbelo has a supportive family who would help her if released. See [D.E. 202-1]; [D.E. 205] 9–10. Having considered the entire record, the steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Curbelo's arguments, the government's persuasive response, and the need to punish Curbelo for her serious criminal behavior, to incapacitate Curbelo, to promote respect

8

the law, to deter others, and to protect society, the court denies Curbelo's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

II.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 202].

SO ORDERED. This 5 day of November, 2021.

JAMES C. DEVER III
United States District Judge